UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Michael Texeira, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|     v. | ) Case Number 4:23-cv-14 |
| | ) |
| LVNV Funding, LLC, | ) |
| | ) |
|        Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff brings this action against Defendant to enforce his rights under the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff is a consumer and Defendant is a debt collector. While acting as a debt collector, Defendant attempted to collect a consumer debt from Plaintiff. In so doing, Defendant violated the FDCPA. Plaintiff seeks actual and statutory damages from Defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as Defendant conducts business in this District and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Michael Texeira (hereinafter referred to as "Texeira") is a consumer as defined by 15 U.S.C. § 1692a(3) and is a citizen of the State of Indiana, who resides in the Northern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt.

5. Defendant LVNV Funding, LLC (hereinafter referred to as "LVNV") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses instrumentalities of interstate commerce, the mail and/or the telephone in pursuing its principal business which is to collect, or attempt to collect, delinquent consumer debts. LVNV operates from an address at 355 S. Main St., Ste. 300-D, Greenville, SC 29601. In fact, LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. LVNV is a debt collection agency and is authorized to conduct business in Indiana and maintains a registered agent with the State of Indiana.

## FACTUAL ALLEGATIONS

7. The Plaintiff incurred a debt that was primarily for personal, family, or household purposed as defined by §1692a(5).

8. The debt owed by Plaintiff went into default.

9. After the debt went into default, the debt was placed with or otherwise transferred to Defendant for collection.

10. The Plaintiff disputes the debt.

11. On or before January 10, 2022, LVNV contacted Texeira regarding the debt. On January 10, 2022, Texeira, mailed a letter to LVNV via First-Class U.S. Mail indicating that Texeira disputed the debt and requested verification of the debt. A copy of Texeira's Letter and a copy of Texeira's Affidavit are attached hereto as Exhibit "A".

12. After sending the letter to LVNV, Texeira reviewed his Equifax and TransUnion credit reports. He most recently reviewed those reports on December 7, 2022.

13. On December 7, 2022, LVNV was continuing to report the debt without indicating that the debt was disputed. A copy of the relevant portions of Texeira's credit reports are attached hereto as Exhibit "B".

14. Both Equifax and TransUnion indicate that LVNV last reported or verified on November 2, 2022.

15. Texeira is and has been confused, concerned and worried about the incorrect reporting of the disputed debt on his credit report.

16. Despite Texeira's written request for validation contained in his January 10, 2022 correspondence, LVNV failed to cease collection efforts and provide verification of the debt to Texeira.

17. LVNV's violation of the FDCPA is material because LVNV's failure to update Texeira's credit report and note that the debt was disputed impaired his credit rating and his ability to obtain credit. Moreover, LVNV's failure to report that the debt was disputed would make an unsophisticated consumer believe that he or she did not have the rights Congress had granted under the FDCPA. It would also cause an unsophisticated consumer to alter his or her course of action to avoid further harassment. This violation of the FDCPA is sufficient to show an injury-in-fact.

18. In addition, LVNV's violation of the FDCPA is material because its attempt to collect a debt from Texeira without the proper validation notice would make an unsophisticated consumer believe that he or she did not have the rights Congress had granted under the FDCPA. It would also cause an unsophisticated consumer to alter his or her course of action in dealing with the debt in order to avoid further harassment. This violation of the FDCPA is sufficient to show an injury-in-fact.

19. All of LVNV's collection actions at issue in this matter occurred within one year of the date of this Complaint.

20. Defendant's collection actions and communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692e OF THE FDCPA – FALSE OR MIDLEADING REPRESENTATIONS

21. Texeira adopts and realleges Paragraphs 1 – 20.

22. Section 1692e of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or should be known to be false, including the failure to communicate that a disputed debt is disputed.   S*ee*, 15 U.S.C. § 1692e(8).

23. LVNV was aware that Texeira disputed the debt.

24. By communicating incorrect information to the credit reporting agency, LVNV violated § 1692e(8) of the FDCPA.

25. LVNV 's violation of §1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

26. Texeira adopts and realleges Paragraphs 1 – 25.

27. § 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

28. By communicating incorrect information to the credit reporting agency, LVNV violated § 1692f of the FDCPA.

29.     LVNV's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692g OF THE FDCPA- VALIDATION OF DEBTS

30.     Texeira adopts and realleges Paragraphs 1- 29.

31.     § 1692g of the FDCPA requires a debt collector, upon written receipt of a dispute from a consumer, to cease collection efforts until the debt collector obtains verification of the debt and such verification is mailed to the consumer by the debt collector.

32.     LVNV's failure to cease collection efforts and provide verification of the debt following Texeira's written dispute and request for validation violates § 1692g.

33.     LVNV's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Texeira respectfully requests that the Court find that the Defendant, LVNV Funding, LLC violated the FDCPA and enter judgment against Defendant LVNV Funding, LLC for actual damages, statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and all other just and proper relief.

Respectfully submitted,

/s/ Thomas G. Bradburn
Thomas G. Bradburn

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests trial by jury.

Respectfully submitted,


/s/ Thomas G. Bradburn
Thomas G. Bradburn



Thomas G. Bradburn (15377-49)
Bradburn Law Firm
PO Box 1386
Noblesville, IN  46060
Telephone (317) 475-0826
Email: tbradburn@bradburnlaw.com